Luke P. Breslin, Esq. (Bar ID #029222010)
Brittney A. Nochimson, Esq. (Bar ID #409492022)
JACKSON LEWIS P.C.
200 Connell Drive, Suite 2000
Berkeley Heights, NJ 07922
(908) 795-5200
ATTORNEYS FOR DEFENDANT, TOBIAS & ASSOCIATES LLC D/B/A GETMEHEALTHCARE (*improperly pled as Defendant, "Tobias & Associates LLC d/b/a GetMeHealthcare.com"*)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROBERT DOYLE, Individually, and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>TOBIAS & ASSOCIATES LLC d/b/a GetMeHealthcare.com, and SHANNEN GLEGHORN,<br><br>Defendants. | Civil Action No.<br><br>**NOTICE AND PETITION FOR REMOVAL OF CASE FROM THE SUPERIOR COURT OF NEW JERSEY, LAW DIVISION, SUSSEX COUNTY** |

TO: Robert Doyle
26 Netcong Heights, #9
Netcong, NJ 07857
Appearing *pro se*

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441(a) & (b), and 1446, Defendant, Tobias & Associates LLC d/b/a GetMeHealthcare ("Tobias") (referred to herein as "Defendant"), improperly pled as Defendant, Tobias & Associates LLC d/b/a GetMeHealthcare.com, respectfully submits this Notice and Petition for Removal of this case from the Superior Court of New Jersey, Law Division, Sussex County, bearing Docket No. SSX-L-000169-26 (the "State Court Action") and, as grounds for removal, alleges as follows:

1. On March 20, 2026, Plaintiff, Robert Doyle ("Plaintiff"), filed a civil action against Defendants in the Superior Court of New Jersey, Law Division, Sussex County, captioned as Robert Doyle v. Tobias & Associates LLC d/b/a GetMeHealthcare.com, et al., Docket No. SSX-L-000169-26, alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* A true and correct copy of the Complaint in that action is attached hereto as Exhibit 1.

2. Specifically, Plaintiff alleges that Defendants violated the TCPA by using automated telephone dialing systems with a prerecorded voice to offer him and several other, presently unknown individuals insurance products. (See Exhibit 1, Complaint, ¶¶ 16-33).

3. Tobias was served with a copy of the summons and complaint on or about June 12, 2026. A true and correct copy of the Affidavit of Service filed by Plaintiff is attached hereto as Exhibit 2.

4. Based upon information and belief, as of the filing of the instant Notice and Petition for Removal, Plaintiff has not yet served Gleghorn with a copy of the summons and complaint.

5. The summons, civil case information statement, track assignment, and complaint constitute all pleadings, process and other documents provided to Tobias in this action. The Complaint was the initial pleading received by Tobias setting forth the claims upon which Plaintiff's action is based.

6. This Notice of Removal is timely filed under 28 U.S.C. § 1446, as Tobias has filed this notice of removal within thirty (30) days of service of the Complaint on Tobias on June 12, 2026.

7. No proceedings have taken place in the State Court Action. Defendants have

not filed an answer or other pleading in the Superior Court of New Jersey, or made any appearances or argument before the Superior Court of New Jersey.

8. This action is removable to this Court because original jurisdiction over Plaintiff's claims exists pursuant to 28 U.S.C. § 1331, by virtue of this Court's federal question jurisdiction arising out of Plaintiff's claim under the TCPA.

9. Tobias is also entitled to remove the State Court Action to this Court pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between Plaintiff and Defendants.

10. As set forth in the Complaint, Plaintiff is a resident of the State of New Jersey, residing in Netcong, New Jersey. See Ex. 1, at p. 1.

11. Conversely, Tobias is a resident of the State of Florida. Specifically, Tobias is incorporated in the State of Florida and maintains its principal place of business at 123 NW 13th St., Suite 101, Boca Raton, FL 33432. See 28 U.S.C. § 1332(c)(1).

12. Tobias is wholly-owned by HFP TA, LLC, which is a Florida limited liability company with a principal place of business at 123 NW 13th St., Suite 101, Boca Raton, FL 33432.

a. HFP TA, LLC is wholly-owned by HFP Investments, LLC, which is a Florida limited liability company, with its principal place of business at 2255 Glades Road, Suite 324A, Boca Raton, FL 33431.

b. HFP Investments, LLC is wholly-owned by HFP Management, LLC, which is a Florida limited liability company, with its principal place of business at 2255 Glades Road, Suite 324A, Boca Raton, FL 33431.

c. HFP Management, LLC is owned by Mastercap, LLC, Tobias &

Associates Holding, LLC, Online Digital, LLC and Robert Wien.

i. Mastercap, LLC is wholly-owned by Michael Hilf and Chad Sokoloff. Michael Hilf and Chad Sokoloff are citizens and residents of the State of Florida.

ii. Tobias & Associates Holdings, LLC is wholly-owned by Michael Tobias. Michael Tobias is a citizen and resident of the State of Florida.

iii. Online Digital, LLC is wholly-owned by VPM Operations, LLC, which is a Delaware limited liability company, with its principal place of business at 4848 Lemmon Avenue, #772, Dallas, Texas 75219.

1. VPM Operations, LLC is wholly-owned by HFP Investments, LLC. See Section 12(b), *supra*.

iv. Robert Wien is a citizen and resident of the State of New York.

13. No person or entity with an ownership interest in Tobias resides in New Jersey, has a principal place of business in New Jersey, or is a citizen of New Jersey.

14. Gleghorn is a citizen and resident of the State of Florida.

15. The entire amount in controversy, while not specifically enumerated in the Complaint, contemplates an amount exceeding the sum or value of $75,000. As set forth in the Complaint, Plaintiff seeks actual and statutory damages for each alleged violation of the TCPA, attorneys' fees and costs, and prejudgment interest and costs of suit. Accordingly, Tobias submits that the amount in controversy exceeds the jurisdictional amount.

16. Since there is complete diversity of citizenship between Plaintiff and all

Defendants and the amount in controversy is in excess of $75,000, this Court therefore has jurisdiction over Plaintiff's claims by virtue of diversity of citizenship and satisfaction of the amount in controversy requirement of 28 U.S.C. § 1332.

17. The Superior Court of New Jersey, Sussex County is located within the district of the United States District Court for the District of New Jersey. As such, venue is proper because the State Court Action lies within the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

18. Venue is also proper in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions alleged in the Complaint occurred within that judicial district.

19. Tobias submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, including Plaintiff's failure to state any claims upon which relief may be granted.

20. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon all parties and filed with the Clerk of the Superior Court of New Jersey, Law Division, Sussex County.

21. This Notice of Removal is filed in compliance with Rule 11 of the Federal Rules of Civil Procedure.

22. Defendant Gleghorn consents to this Notice and Petition of Removal.

**WHEREFORE**, Tobias respectfully requests the within action, now pending in the Superior Court of New Jersey, Law Division, Sussex County, be removed to the United States District Court for the District of New Jersey.

Respectfully submitted,

JACKSON LEWIS P.C.
200 Connell Drive, Suite 2000
Berkeley Heights, New Jersey 07922
(908) 795-5200

By: */s Luke P. Breslin*
Luke P. Breslin
Brittney A. Nochimson
Attorneys for Tobias

Dated: July 10, 2026
4926-3692-8955, v. 2

# EXHIBIT 1

Robert Doyle
26 Netcong Heights, #9
Netcong, NJ 07857
(786) 853-4166
Rdoyle235@Gmail.com

AF1319
6/12/26
e
10:10a

| | |
|---|---|
| Robert Doyle, individually, and all others similarly situated,<br><br>Plaintiffs,<br><br>against<br><br>Tobias & Associates LLC D/B/A GetMeHealthcare.com, and Shannen Gleghorn,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>MORRIS COUNTY<br>NEWTON VICINAGE<br><br>DOCKET NO:<br><br>Civil Class Action<br><br>Jury Trial Demanded |

**SUMMONS**

From The State of New Jersey To The Defendants Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. Sussex County Judicial Center, 43-47 High Street, Newton, NJ 07860. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) You must also send a copy of your answer or motion to plaintiffs whose names and address appear above. A telephone call will not protect your rights; you must file and serve a written answer or motion. If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment. If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

/s/ Jeffrey M. Parrott
Clerk of the Superior Court

**SUPERIOR COURT OF NEW JERSEY - eCOURTS**

The following was filed by Case Management on 03/25/2026 at 5:32 AM:

| | |
|---|---|
| Plaintiff Name: | ROBERT DOYLE |
| Defendant Name: | TOBIAS & ASSOCIATES LLC D/B/A GETMEHEALTHCARE.COM, SHANNEN GLEGHORN |
| Case Caption: | DOYLE ROBERT VS TOBIAS & ASSOCIATES LLC D/B/A |
| Case Number: | SSX L 000169-26 |
| Docket Text: | TRACK ASSIGNMENT Notice submitted by Case Management |
| Transaction ID: | LCV2026760543 |

| | | |
|---|---|---|
| Plaintiff | ROBERT DOYLE | RDOYLE235@GMAIL.COM |

**Notice was not electronically mailed to:**

| | | |
|---|---|---|
| Defendant Attorney For | TOBIAS & ASSOCIATES LLC D/B/A GETMEHEALTHCARE.COM | NJ 00000 |
| Defendant Attorney For | SHANNEN GLEGHORN | NJ 00000 |

Login to eCourts to view the case jacket. You will need a valid user ID(Bar ID) to view the submitted documents.

For questions, please contact the Superior Court of New Jersey - Civil Part.

This communication is for notification purposes only.

This email was sent from a notification-only address that cannot accept incoming mail. Please do not reply to this message.

DATED: ____________________, 2026

Defendants' Addresses to Be Served:

Tobias and Associates, LLC:
Comiter, Singer, Baseman & Braun, LLP
3825 PGA Blvd
Suite 701
Palm Beach Gardens, FL 33410

Shannen Gleghorn:
Comiter, Singer, Baseman & Braun, LLP
3825 PGA Blvd
Suite 701
Palm Beach Gardens, FL 33410

New Jersey Judiciary - Civil Practice Division

# Civil Case Information Statement (Civil CIS)

Use for initial Law Division Civil Part pleadings (not motions) under Rule 4:5-1.
Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the black bar is not completed, or attorney's signature is not affixed.

| For Use by Clerk's Office Only | | | | |
|---|---|---|---|---|
| Payment type ☐ check ☐ charge ☐ cash | Charge/Check Number | Amount $ | Overpayment $ | Batch Number |

| | | |
|---|---|---|
| Attorney/Pro Se Name: Robert Doyle | Telephone Number: (786) 853-4166 ext. | County of Venue: Sussex |
| Firm Name (if applicable): | Docket Number (when available): | |
| Office Address - Street: 26 Netcong Heights, #9 | City: Netcong | State: NJ Zip: 07857 |
| Document Type: Summons and Class Action Complaint | Jury Demand: ■ Yes ☐ No | |
| Name of Party (e.g., John Doe, Plaintiff): Robert Doyle and all others . . . | Caption: Robert Doyle and all others. . . V. Tobias & Assoc. . . | |

Case Type Number (See page 3 for listing) 999

Are sexual abuse claims alleged? ☐ Yes ■ No

Does this case involve claims related to COVID-19? ☐ Yes ■ No

Is this a professional malpractice case? ☐ Yes ■ No

If "Yes," see N.J.S.A. 2A:53A-27 and applicable case law regarding your obligation to file an affidavit of merit.

Related Cases Pending? ☐ Yes ■ No

If "Yes," list docket numbers

Do you anticipate adding any parties (arising out of same transaction or occurrence)? ☐ Yes ■ No

Name of defendant's primary insurance company (if known) ☐ None ■ Unknown

**The Information Provided on This Form Cannot be Introduced into Evidence.**

| Case Characteristics for Purposes of Determining if Case is Appropriate for Mediation | | |
|---|---|---|
| Do parties have a current, past or recurrent relationship? | ☐ Yes | ■ No |
| If "Yes," is that relationship: ☐ Employer/Employee ☐ Friend/Neighbor ☐ Familial ☐ Business ☐ Other (explain) ______ | | |
| Does the statute governing this case provide for payment of fees by the losing party? | ☐ Yes | ■ No |
| Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition. | | |
| ♿ Do you or your client need any disability accommodations? If yes, please identify the requested accommodation: | ☐ Yes | ■ No |
| Will an interpreter be needed? If yes, for what language? | ☐ Yes | ■ No |
| **I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).** | | |
| Attorney/Self-Represented Litigant Signature: [signature] | | |

# Civil Case Information Statement (CIS)

Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES**

(Choose one and enter number of case type in appropriate space on page 1.)

**Track I - 150 days discovery**

151 Name Change
175 Forfeiture
302 Tenancy
399 Real Property (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502 Book Account (debt collection matters only)
505 Other Insurance Claim (including declaratory judgment actions)
506 PIP Coverage
510 UM or UIM Claim (coverage issues only)
511 Action on Negotiable Instrument
512 Lemon Law
801 Summary Action
802 Open Public Records Act (summary action)
804 Election Law
805 Civil Commitment Expungement
999 Other (briefly describe nature of action)
Class Action on Telephone Consumer Protection Act

**Track II - 300 days discovery**

305 Construction
509 Employment (other than Conscientious Employees Protection Act (CEPA) or Law Against Discrimination (LAD))
599 Contract/Commercial Transaction
603N Auto Negligence – Personal Injury (non-verbal threshold)
603Y Auto Negligence – Personal Injury (verbal threshold)
605 Personal Injury
610 Auto Negligence – Property Damage
621 UM or UIM Claim (includes bodily injury)
699 Tort – Other

**Track III - 450 days discovery**

005 Civil Rights
301 Condemnation
602 Assault and Battery
604 Medical Malpractice
606 Product Liability
607 Professional Malpractice
608 Toxic Tort
609 Defamation
616 Whistleblower / Conscientious Employee Protection Act (CEPA) Cases
617 Inverse Condemnation
618 Law Against Discrimination (LAD) Cases

**Track IV - Active Case Management by Individual Judge / 450 days discovery**

| | |
|---|---|
| 156 | Environmental/Environmental Coverage Litigation |
| 303 | Mt. Laurel |
| 508 | Complex Commercial |
| 513 | Complex Construction |
| 514 | Insurance Fraud |
| 620 | False Claims Act |
| 701 | Actions in Lieu of Prerogative Writs |
| 816 | Affordable Housing |

**Multicounty Litigation (Track IV)**

| | |
|---|---|
| 282 | Fosamax |
| 291 | Pelvic Mesh/Gynecare |
| 292 | Pelvic Mesh/Bard |
| 293 | DePuy ASR Hip Implant Litigation |
| 296 | Stryker Rejuvenate/ABG II Modular Hip Stem Components |
| 300 | Talc-Based Body Powders |
| 601 | Asbestos |
| 624 | Stryker LFIT CoCr V40 Femoral Heads |
| 626 | Abilify |
| 627 | Physiomesh Flexible Composite Mesh |
| 628 | Taxotere/Docetaxel |
| 629 | Zostavax |
| 630 | Proceed Mesh/Patch |
| 631 | Proton-Pump Inhibitors |
| 633 | Prolene Hernia System Mesh |
| 634 | Allergan Biocell Textured Breast Implants |
| 635 | Tasigna |
| 636 | Strattice Hernia Mesh |
| 637 | Singulair |
| 638 | Elmiron |
| 639 | Pinnacle Metal-on-Metal (MoM) Hip Implants |
| 640 | Bard Implanted Port Catheter Products |
| 641 | Sexual Abuse in Juvenile Detention Facilities Operated by the State of New Jersey |
| 642 | Roundup Products |
| 643 | GLP-1 Medications - Gastrointestinal Injuries |
| 644 | GLP-1 Medications - NAION Vision Loss |

If you believe this case requires a track other than that provided above, please indicate the reason on page 1, in the space under "Case Characteristics".

**Select each applicable category:**

■ Putative Class Action ☐ Title 59 ☐ Consumer Fraud

☐ Medical Debt Claim

Robert Doyle
26 Netcong Heights, #9
Netcong, NJ 07857
(786) 853-4166
Rdoyle235@Gmail.com

| | |
|---|---|
| ROBERT DOYLE, Individually, and all others similarly situated,<br><br>Plaintiff,<br><br>against<br><br>Tobias & Associates LLC D/B/A GetMeHealthcare.com, and Shannen Gleghorn,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>MORRIS COUNTY<br>NEWTON VICINAGE<br><br>DOCKET NO:<br><br>Civil Class Action<br><br>Jury Trial Demanded |

## CLASS ACTION COMPLAINT

## PRELIMINARY STATEMENT

Plaintiff, Robert Doyle (hereinafter "Plaintiff"), brings this nation-wide class action against Tobias & Associates LLC D/B/A GetMeHealthcare.com, (hereinafter "Tobias") and Shannen Gleghorn (hereinafter "Gleghorn"), and alleges as follows upon personal knowledge as to himself and his own acts and experiences, and as to all other matters, upon information and belief.

## NATURE OF THIS ACTION

1. This is a putative nation-wide class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA"), arising from Defendants' violations of the TCPA and its implementing regulations.

2. To promote its insurance business, Defendants engage in unsolicited telemarketing, including prerecorded message calls.

3. Through this action, Plaintiff seeks injunctive relief to halt Defendants' unlawful conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of himself

and Class Members, as defined below, and any other available legal and equitable remedies resulting from the unlawful actions of Defendants.

## PARTIES

4. Plaintiff is, and at all times relevant hereto was, an individual and a "person" as defined by 47 U.S.C. § 153 (39).

5. Plaintiff is an Attorney admitted to practice in New York State.

6. Tobias is, and at all times relevant hereto was, a Florida LLC and a "person," as defined by 47 U.S.C. § 153 (39), that maintains its primary place of business and headquarters at 123 NW 13th St Suite 101, Boca Raton FL 33432.

7. Gleghorn is a natural person and an insurance agent licensed under the laws of Florida to sell insurance.

8. At all relevant times, Gleghorn was an employee of Tobias.

9. Tobias is managed by HFP TA, LLC, a Florida LLC with its operating address at 2255 GLADES ROAD, SUITE 324A, BOCA RATON, FL 33431.

10. Defendants direct, market, and provide insurance throughout the United States.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction pursuant to 28 USC 1331. This Court has federal question jurisdiction because this case arises out of violations of federal law 47 U.S.C. 227(b).

12. Venue is proper in this district pursuant to 18 U.S.C. §1391(b)(2) because all facts giving rise to this action occurred in this district.

## THE TCPA

13. The TCPA prohibits any person from calling a cellular telephone number by using either an automatic telephone dialing system or an artificial or prerecorded voice, unless the receipient's prior express consent was obtained. 47 U.S.C. § 227(b)(l)(A).

14. The TCPA exists to prevent communications like the ones described within this Complaint.

15. In an action under the TCPA, a plaintiff must only show that the defendant called a number assigned to a personal telephone service using an automatic dialing system or prerecorded voice.

**FACTS**

16. Tobias was at all relevant times in the business of selling insurance.

17. On March 25, 2022, at 4:18 pm, Tobias contacted Doyle, on his personal cell phone, by an automated telephone dialing system using a prerecorded voice, as defined by 47 U.S.C. §§227(a)(1) and (b)(1)(B) (a "Robo Call"), offering Doyle its insurance products.

18. The aforementioned prerecorded voice was of a woman and said "this is Ellie . . ." and then proceeded to speak about Medicare insurance.

19. Subsequent to the recorded voice, a live man came to the line, with a distinct Indian accent, and identified himself as "Jacob".

20. Jacob then transferred the call to another man who identified himself as Shannen Gleghorn.

21. While waiting on hold to speak to Gleghorn, a recorded voice said that the company name is Getmehealthcare.com and referred to the company as "The Big G".

22. Doyle had a lengthy conversation with Gleghorn, during which he identified the company as Tobias Insurance.

23. The phone number from which the Robo Call was received (973) 435-XXXX.

24. The Robo Call was for commercial purposes and did not constitute an emergency.

25. The Robo Call violated 47 U.S.C. §(b)(1)(B).

26. The aforementioned Robo Call was either made by Defendants or by a third party upon Defendants' behalf

27. At no time did Doyle provide his cellular number to either Defendant through any medium, nor did he consent to receive such unsolicited calls.

28. Plaintiff has never signed-up for, and has never used, Defendants' services, and has never had any form of business relationship with either Defendant.

29. Plaintiff is the subscriber of the phone number in question and is financially responsible for said phone service, including the cellular costs and data usage incurred as a result of the unlawful calls made to Plaintiff by Defendants.

30. These calls were not for emergency purposes, as defined by 47 U.S.C. § 227(b)(1)(A)(i).

31. Plaintiff did not provide either Defendant, nor their agents, prior express consent to receive calls, including unsolicited calls, to Plaintiff's cellular telephone, pursuant to 47 U.S.C.

32. Plaintiff was damaged by Defendants' call. In addition to using Plaintiff's residential cellular data, phone storage, and battery life, Plaintiff's privacy was wrongfully invaded, and Plaintiff has become understandably irritated and frustrated with having to deal with repeated and unwanted calls, forcing him to divert attention away from his work and other activities. Not only did the receipt of the Robo Call distract Plaintiff away from his personal activities, he was forced to spend time investigating the source of the calls.

**CLASS ACTION ALLEGATIONS**

**PROPOSED CLASS**

33. Plaintiff brings this lawsuit as a class action on behalf of himself, individually, and all other similarly situated persons, as a class action, pursuant to Rule 23 of FRCP. The class that Plaintiff seeks to represent is comprised of and defined as:

> **All persons within the United States who, within the four years prior to the filing of this Complaint, received a call from Defendants, or anyone on Defendants' behalf, that employed a prerecorded or artificial voice to said persons' telephone**

**numbers, advertising Defendants' services, without the recipients' prior express consent (the "Class" or the "Class Members").**

34. Excluded from the Class are Defendants, their directors, officers, employees, subsidiaries, and affiliates; and members of the judiciary.

35. Plaintiff believes the number of members in the putative Class is likely many thousand, if not greater.

## NUMEROSITY

36. Upon information and belief, Defendants have placed prerecorded voice calls to personal telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

37. The exact number and identities of the Class Members are unknown at this time and can be ascertained only through discovery. Identification of the Class Members is a matter capable of ministerial determination from Defendants, or Defendants' agents', call records.

## COMMON QUESTIONS OF LAW AND FACT

38. There is a well-defined community of common questions of law and fact affecting the Plaintiff and members of the Class. Common questions of law and/or fact exist as to all members of the Class and predominate over the questions affecting individual Class Members. These common legal and/or factual questions include, but are not limited to, the following:

a. whether Defendants made non-emergency calls to Plaintiff and Class Members' telephones using a prerecorded voice;

b. whether Defendants can meet their burden of showing that they had express written consent to make such calls;

c. whether Defendants' conduct was knowing and willful;

d. whether Defendants are liable for damages and the amount of such damages; and

e. whether Defendants should be enjoined from such conduct in the future.

39. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendants routinely transmit prerecorded voice calls to telephone numbers is accurate, Plaintiff and the Class Members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

40. Plaintiff's claims are typical of the claims of the members of the Class. The claims of the Plaintiff and members of the Class are based on the same legal theories and arise from the same course of conduct that violates the TCPA.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

41. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff will fairly and adequately protect the interests of the Class.

**SUPERIORITY**

42. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendants' wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class Members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

43. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendants. For example, one court might enjoin Defendants from performing the challenged acts, whereas another

might not. Additionally, individual actions might be dispositive of the interests of the Class, even though some Class Members are not parties to such actions.

**CAUSE OF ACTION**
**VIOLATIONS OF 47 U.S.C. § 227(b)**
**(On Behalf of Plaintiff and the Class)**

44. Plaintiff re-alleges and incorporates the foregoing allegations as it fully set forth herein.

45. It is a violation of the TCPA to make any call (other than a call made for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a personal telephone service.

46. Defendants used an artificial or prerecorded voice to deliver messages to Plaintiff and the other Class Members without prior consent.

47. These calls were made without regard to whether or not Defendants had first obtained express permission from the called parties to make such calls. In fact, Defendants did not have prior express consent to call any of these cellular phones.

48. Defendants have therefore violated § 227(b)(1)(A)(iii) of the TCPA by initiating telephone calls that used artificial or prerecorded voices to deliver non-emergency telephone calls to the personal phones of Plaintiff and the other members of the putative Class without their prior express written consent.

49. The aforementioned acts and omissions of Defendants constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

50. At all relevant times, Defendants knew, or should have known, that their conduct as alleged herein violated the TCPA.

51. Defendants knew that they did not have prior express consent to make these calls, and knew, or should have known, that their conduct violated the TCPA.

52. Because Defendants knew, or should have known, that Plaintiff and Class Members did not give prior express consent to receive calls that employed artificial or prerecorded voices, the Court should treble the amount of statutory damages recoverable by Plaintiff and members of the putative Class, pursuant to § 227(b)(3) of the TCPA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a. an order certifying this case as a class action on behalf of the Class, as defied above, and appointing Plaintiff the representative of the Class, and Plaintiff's counsel the Class counsel;

b. an order declaring that Defendants' actions, as set out above, violate the TCPA and its implementing regulations;

c. an injunction requiring Defendants to cease all unsolicited prerecorded and/or artificial-voice calling activity, and to otherwise protect the interests of the Class;

d. an injunction prohibiting Defendants from using, or contracting the use of, prerecorded and/or artificial-voice calls without obtaining, recipients' consent to receive calls made with such equipment;

e. a declaration that Defendants' practices described herein violate 47 C.F.R. § 64.1200(c);

f. a declaration that Defendants' violations of 47 C.F.R. § 64.1200(c) were willful and knowing;

g. an award of actual and statutory damages for Plaintiff and each member of the Class in the amount of $1,500.00 for each violation of the TCPA;

h. reasonable attorney's fees and costs;

i. prejudgment interest; and

j. such further and other relief as this Court deems reasonable and just.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.**

Dated: March 20, 2026 /s/ Robert Doyle
Robert Doyle

**CERTIFICATIONS PURSUANT TO NEW JERSEY COURT RULES 4:5-1(b) (2) and (3)**

I certify that the dispute about which I am suing is not the subject of any other action pending in any other court or a pending arbitration proceeding to the best of my knowledge and belief. Also, to the best of my knowledge and belief no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this complaint, I know of no other parties that should be made a part of this lawsuit. In addition I recognize my continuing obligation to file and serve on all parties and the court an amended certification if there is a change in the facts stated in this original certification.

Dated: March 20, 2026 /s/ Robert Doyle
Robert Doyle

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

Dated: March 20, 2026 /s/ Robert Doyle
Robert Doyle

# EXHIBIT 2

| | |
|---|---|
| ROBERT DOYLE, Individually, and all others similarly situated,<br><br>Plaintiff,<br><br>against<br><br>Tobias & Associates LLC D/B/A GetMeHealthcare.com, and Shannen Gleghorn,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>MORRIS COUNTY<br>NEWTON VICINAGE<br><br>DOCKET NO: SSX-L-000169-26<br><br>**AFFIDAVIT OF SERVICE**<br><br>Cost of Service<br>Pursuant to R 4:4-3(c): $85.30 |

**Entity Served:**
Tobias & Associates LLC D/B/A GetMeHealthcare.com
Via Registered Agent:
COMITER, SINGER, BASEMAN & BRAUN, LLP
3825 PGA Blvd, Suite 701
Palm Beach Gardens, FL 33410

**Attorney:**
Robert Doyle

**Papers Served:**
Summons; Class Action Complaint; Civil Case Information Statement; Track Assignment Notice.

**Service Data:**
Successfully served on June 12, 2026 at 10:10 am. Copies of documents were left with Isabel Manzo, an Office Assistant with Comiter, Singer, Baseman, & Braun, LLP, a person authorized to accept service.

**Description of Person Accepting Service:**
Female, 25 years old, Hispanic, 5'4", 130 lbs, black hair, no glasses.

**Server Data:**
I, Nixon Fleurimond, was at the time of service a competent adult not having a direct interest in the litigation. I declare under the penalty of perjury that the foregoing is true and correct.

______________________
Nixon Fleurimond

Subscribed to and sworn before me on the 16th day of June, 2026, by the affiant, who is personally known to me or appeared by means of physical presence or online notarization.

______________________
Notary Public

BRANDY NEGRON
NOTARY PUBLIC
MY COMMISSION EXPIRES 5-10-2029
STATE OF FLORIDA
COMMISSION NUMBER HH 628063